IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CECILY McLARTY, ET AL                                              PLAINTIFFS

V.                                                  CIVIL ACTION NO. 1:06CV077-D-A

STD, INC., AND BARRY DUNBAR                                        DEFENDANTS

ORDER GRANTING MOTION TO STRIKE

Plaintiffs have filed a motion to strike defendants' expert witnesses Tyler A Kress, Ph. D., CIE, and Craig T. Fries for failure to properly designate under the Federal Rules of Civil Procedure. The motion has been fully briefed and is ready for review.

In its motion, the plaintiffs claim that the defendants have not properly designated their expert witnesses pursuant to the Federal Rules of Civil Procedure and the Uniform Local Rules, and, as a result, the same should be stricken. According to the Case Management Order in this case entered on August 4, 2006, the plaintiffs' expert designation deadline was originally set for April 9, 2007. On March 23, 2007, the defendants' filed a motion for additional time to file their expert witness designation. At the defendants' request, and over the objections of the plaintiffs, the defendants' expert designation deadline was extended until May 1, 2007.

On April 9, 2007, the defendants filed a designation of expert witnesses that listed the defendants' experts as follows:

>    Tyler A. Kress, Ph.D., CIE
>    2312 Craig Cove, Road
>    Knoxville, TN 37919-9311
>    (865) 584-2378
>    As will be set forth in more detail in the forthcoming report by Dr. Kress,

1

> Dr. Kress is expected to testify that the McLarty [sic] would have had sufficient visibility to see the truck driven by Barry Dunbar within a sufficient amount of time to avoid the accident and that McLarty was driving at excessive speeds. Further Dr. Kress would opine that the maneuver preformed by Dunbar was reasonable. Additionally Dr. Kress will opine that McLarties [sic] excessive speed and inattention were the sole proximate cause of the accident and death of Mr. McLarty. Finally, Dr. Kress will provide testimony in contradiction to the plaintiff's [sic] expert.
>
> Dr. Kress' opinions are based in this education, training, and experience as an engineer, his inspection of the accident scene and the plaintiffs' vehicle, photographs of the accident, witness statements, depositions and other produced documents and things. A copy of Dr. Kress' CV is attached.
>
> Additionally, Defendants designate:
> **Craig T. Fries**
> **115 Church Street**
> **Grass Valley, CA 95495**
> **(530) 477-5820**
>
> Mr. Fries will provide a computer generated reconstruction and animated simulation of the accident in question and alternative scenarios based on a laser scan of the accident scene, witness statements and depositions and other produced documents and things. It is expected that Mr. Fries will testify as to the reconstruction itself, the process through which it was created and the scientific and mathematical accuracy and reliability of the reconstruction. A copy of Mr. Fries CV is attached.

See Defendants' designation of experts dated April 9, 2007. Defendants did not provide a report for either of these experts as of April 9, 2007. The defendants' expert designation deadline was extended to May 1, 2007. On May 8, 2007, the defendants submitted a second supplemental designation of expert witnesses. This document included the report of Dr. Kress as well as his case list and CV. To date defendants have not submitted a report or other required information for Mr. Fries.

Regarding a party's required disclosure of the identity of any expert witness the party may use at trial, the Federal Rules of Civil Procedure provide as follows:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert

2

> testimony in the case or whose duties as an employee of the party regularly
> involve giving expert testimony, be accompanied by a written report prepared and
> signed by the witness. The report shall contain a complete statement of all
> opinions to be expressed and the basis and reasons therefor; the data or other
> information considered by the witness in forming the opinions; any exhibits to be
> used as a summary of or support for the opinions; the qualifications of the
> witness, including a list of all publications authored by the witness within the
> preceding ten years; the compensation to be paid for the study and testimony; and
> a listing of any other cases in which the witness had testified as an expert at trial
> or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). Pursuant to Uniform Local Rule 26.1(A)(2)(d) and (e),

> An attempt to designate an expert without providing full disclosure information
> as required by this rule will not be considered a timely expert designation and may
> be stricken upon proper motion or sua sponte by the court. . . . [t]he court will
> allow the subsequent designation and or discovery of expert witnesses only upon a
> showing of good cause.

In this district, counsel are painfully aware – or at the very least should be aware – of these rules and of the undersigned's policy of enforcing them. Each and every attorney who appears before the undersigned at a Case Management Conference has heard the same policy discussed – counsel must either timely and properly designate expert witnesses or seek an extension of time for doing so or those experts will be stricken and precluded from testifying at trial. While this result may appear harsh, the court both verbally and in written orders repeatedly makes this policy known to all counsel who practice before it.

In this case, the defendants claim that while the report of Dr. Kress was not provided to plaintiffs until a week after the expert designation deadline, the plaintiffs were aware of Dr. Kress's opinions and had Dr. Kress's CV in their possession since April. The fact that the report was one week late, according to defendants, was not prejudicial. Additionally, the defendants claim that while they have not provided a report from Mr. Fries, Fries is not going to testify at the

3

trial of this case but rather Fries and his company, Precision Simulations, Inc., have been specially retained to provide an animation of Dr. Kress's reconstruction of the accident that is the subject of this case.

In determining whether violation of Rule 26 requiring disclosure of evidence is harmless, such that the evidence may be used at trial despite non-disclosure during discovery, the court must consider four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of allowing the evidence to be used at trial; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the evidence. Fed.R.Civ.P. 26(a), (e)(1), 37(c)(1); United States v. $9,041,598.68, 163 F.3d 238 (5th Cir.1998).

In the instant case, the defendants allege that the prejudice in striking their experts would deal a devastating blow to their case. Secondarily, defendants argue that the plaintiffs have not been prejudiced by the tardiness of Dr. Kress's report as they had full knowledge of the subject matter of his opinions since April. The plaintiffs resond that althougthey were aware that Dr. Kress's testimony was essentially to rebut the testimony of plaintiffs' experts, because they were not made aware of the full opinions of Dr. Kress until May 8th, they and their experts were severely limited in time to evaluate the report and prepare for an out-of-time deposition of Dr. Kress. Plaintiffs contend that they would have been better able to prepare this case had these disclosures been timely and properly made. With regard to the third consideration above, the undersigned has no authority to consider a continuance of the trial date, and plaintiff has stated that it opposes a continuance; thus, it appears unlikely that one will be granted. The fourth consideration, the explanation of defendants' failure to timely provide the evidence, is lacking.

4

The defendants state as fact that Dr. Kress was unable to prepare his report timely due to a busy schedule; and similarly, defense counsel received the report on May 4, 2007 but did not file it until May 8, 2007 due to a busy schedule. While the balance of life and work keeps everyone busy, considering the undersigned's consistent and rigorous application of the Federal Rules of Civil Procedure and the Uniform Local Rules in circumstances where designations are improper, the defendants' explanation does not rise to the level of good cause. In this District, a lackadaisical approach to designation of experts is unacceptable, and defense counsel is well aware of that circumstance.

The court concurs with defendant's position regarding Mr. Fries. If Mr. Fries is not going to testify, they are not required to file a written report or meet the other many requirements necessary for designating experts. Pursuant to the Rules disclosures are required for witnesses who are going to testify at trial as an expert – , "[e]xcept as otherwise stipulated or directed by the court, . . . with respect to a witness who is retained or specially employed to provide expert testimony in the case. . . ." There is no mention under the rules as to any non-testifying individual. Fed. R. Civ.P. 26(a)(2). Therefore, the requirements related to Mr. Fries are not the same as those for Dr. Kress. Nevertheless, if the defendants have not produced the computer animation prepared by Mr. Fries, notwithstanding that Fries's work would only have been introduced through Dr. Kress, the product of Fries's efforts will also be stricken.

After careful review of the parties' briefs, responses, exhibits and other supporting materials, the court holds that in spite of this court's explicit warning at the Case Management Conference and other orders and communications to the parties, defendants wholly failed to timely provide a complete expert designation for expert Tyler A. Kress and as such, the

plaintiffs' motion to strike should be granted. Accordingly, it is

ORDERED:

That the plaintiffs' motion to strike be and the same hereby is GRANTED.

THIS, the 4th day of September, 2007.

                                          /s/ S. Allan Alexander
                                          UNITED STATES MAGISTRATE JUDGE